UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MANNON,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, et al.,

    Defendants.
_____/

Case No. 24-cv-11635
HON MARK A. GOLDSMITH

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 30), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 31), (3) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 14), AND (4) DENYING PLAINTIFF'S MOTION TO AMEND (Dkt. 22)**

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (R&R) recommending that the Court grant Defendants' (VA) motion to dismiss (Dkt. 14) and deny Plaintiff Steven Mannon's motion to amend (Dkt. 22). R. & R. at PageID.762 (Dkt. 30). Mannon filed objections (Dkt. 31). The VA filed a response (Dkt. 32).[1] The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R in its entirety, (ii) overrules Mannon's objections, (iii) grants the VA's motion to dismiss, and (iv) denies Mannon's motion to amend.

---

[1] The briefing also includes Mannon's response to VA's motion to dismiss (Dkt. 16), VA's reply (Dkt. 19), and VA's response to Mannon's motion (Dkt. 26).

## I. BACKGROUND

The full relevant factual background is set forth in the R&R. R. & R. at PageID.764–765. Mannon brings a Freedom of Information Act claim under 5 U.S.C. § 552. See Compl. (Dkt. 1). His complaint requests that the Court "determine the applicability of the applied exemptions…." Id. at PageID.3. He attaches the VA's "initial agency decision letter" related to "FOIA Number: 23-00083-AR", id. at PageID.4–9, and the VA's "partial final agency decision" related to "FOIA Request #: 23-00713-F/Appeal Remand #: 24-0056-AR." Id. at PageID.10–15.

The R&R recommends that the Court grant the VA's motion to dismiss because Mannon's complaint is "unclear [on] what records are in dispute or what information was allegedly improperly redacted." R. & R. at PageID.765. It also recommended that the Court deny Mannon's motion to amend his complaint because his new claim would not withstand a Rule 12(b)(6) motion to dismiss because spoilation of evidence is not an independent cause of action. Id. at PageID.769.

Mannon makes five objections to the R&R. Obj. at PageID.773–777. Each one lacks merit.

## II. ANALYSIS

Mannon's first objection is that the R&R "[a]pplies an [o]verly [r]estrictive [p]leading [s]tandard [i]nconsistent with FOIA and Rule 8." Obj. at PageID.773. Mannon argues that FOIA pleadings only require "plausible allegations that:" (i) "a proper request was made;" (ii) "agency records exist;" and (iii) "records were improperly withheld." Id. He argues that his complaint identifies specific FOIA requests, "[s]pecific withholdings under [e]xemptions 5, 6, and 7(C)," and "[t]he redaction of committee actions, proposals, findings, and incident summaries." Id. He asserts that "[c]ourts routinely hold that the adequacy of redactions is resolved on summary judgment, not Rule 12(b)(6)." Id.

2

Mannon is correct that "[t]o state a claim under FOIA, [plaintiffs] must plausibly allege that an agency has (1) improperly; (2) withheld; (3) agency records." Citizens for Resp. & Ethics in Wash. v. United States Dep't of Just., 922 F.3d 480, 486 (D.C. Cir. 2019) (punctuation modified). But Mannon's complaint does not plausibly make this allegation. The Court is unclear as to what FOIA request(s) Mannon's complaint contests. His complaint identifies one FOIA request, 23-00713-F/24-0056-AR, Compl. at PageID.1, but then he attaches a letter regarding another FOIA request, 23-00083-AR. Compl. at PageID.4. Contrary to what Mannon states in his objection, his complaint does not state "[s]pecific withholdings of [e]xemptions 5, 6, and 7(C)." His only mention of exemptions 5 and 7 in his complaint are when he states, "[t]he office of general counsel issued a partial final agency decision but didn't address or decide all the claimed exemptions of the facility such as exemption [sic] 5 and 7…." Id. at PageID.1. The Court does not understand how this statement demonstrates a "specific withholding" regarding exemptions 5 and 7. His complaint does not mention exemption 6 at all.

The Court also does not understand what Mannon means by his point "[t]he redaction committee actions, proposals, findings, and incident summaries," Obj. at PageID.773, and how it demonstrates that he has plausibly plead a FOIA action. Mannon does not explain further. This Court need not evaluate arguments that Mannon fails to develop. See ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F. App'x 577, 583–584 (6th Cir. 2019) ("[T]his court has consistently declined to review issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (punctuation modified)).

Mannon is correct that questions regarding adequacy of redactions are normally reserved for the summary judgment stage of the proceedings. See Gun Owners of America, Inc. v. FBI, 594 F. Supp. 3d 37, 42 (D.D.C. 2022). This does not, however, mean that Mannon can file a

3

complaint that fails to identify what FOIA request the matter concerns or make any allegation that documents were improperly withheld and still survive a 12(b)(6) motion. Mannon's "request" that the Court "determine the applicability of the applied exemptions," without more, is insufficient to state a claim under FOIA. "It is not the responsibility of the court to rewrite the complaint to set forth a claim." Cornett v. Magnum Hunter Production, Inc., 585 F. App'x 316, 317 (6th Cir. 2014). Objection one is overruled.

Mannon's second objection is that the "R&R treats Plaintiff's complaint as if it consisted solely of narrative allegations, ignoring that Plaintiff attached the full Initial Agency Decisions and OGC Final/Partial Final Agency Decisions as exhibits…." Obj. at PageID.774. He argues that the attachments "identify specific FOIA requests, identify specific redacted records, identify specific exemptions applied, and confirm exhaustion and final agency action." Id. Citing Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426 (6th Cir. 2008), he argues that under Sixth Circuit case law, documents attached to the complaint are part of the pleading. Id.

Mannon is correct that "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto…," Bassett, 528 F.3d at 430, but there is a second clause to that rule. The court in Bassett explained that courts may consider attachments to the exhibit "so long as they are referred to in the complaint." Id. Mannon's complaint does not contain "specific redacted records," "identify specific exemptions applied," or "confirm exhaustion and final agency action." Instead, his objection seems to imply that it is the Court's job to infer his claim through the exhibits he attached to his complaint. While the Court liberally construes pro se pleadings, it is under no obligation to search through exhibits to discern Mannon's claim. Laster v. Pramstaller, No. 08–cv–10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25,

4

2008) (citing Windsor v. Colorado Dep't. of Corr., 9 F. App'x 967, 968 (10th Cir. 2001). His allegations must be contained in the complaint. They are not. Objection two is overruled.

In objection three, Mannon contests the R&R's "internal inconsistency" which he describes as "correctly find[ing] that [he] did exhaust" his administrative remedies yet recommending that his claim be dismissed for failure to state a claim. Obj. at PageID.775. He argues that "once exhaustion is established, the only remaining questions are: whether records were withheld, and whether exemptions were properly applied." He asserts that these questions can only be resolved on a summary judgment record. Id.

Mannon provides no authority to support his assertion that once exhaustion is established, his claim must survive to the summary judgment phase, likely because there is none. Regardless, his complaint does not identify what records he alleges were improperly withheld and why he believes they were withheld so he has not stated a claim under FOIA. Citizens for Resp. & Ethics in Wash., 922 F.3d at 486. Objection three is overruled.

In objection four, Mannon contests the R&R's conclusion that his claims are "incomprehensible." Obj. at PageID.775–776. He argues that this conclusion is "clearly erroneous" because his theory is "consistent:" (i) "VA used DBC/DBRS records to justify clinical restrictions;" (ii) "those records were withheld or heavily redacted;" (iii) "committee actions are not otherwise reviewable or appealable;" and (iv) "FOIA is the only mechanism for oversight." Id. at PageID.776.

The theory that Mannon outlines in his objection is not present in his complaint. Mannon cannot amend his complaint through his objections. See Hubbard v. Select Portfolio Servicing, Inc., No. 16-cv-11455, 2017 WL 3725475, at *4 (E.D. Mich. Aug. 30, 2017) ("[A]s already

5

explained, any attempt to amend his pleadings via his objections is incompatible with the Federal Rules of Civil Procedure."). Objection four is overruled.

Mannon's fifth objection is that the R&R errs in recommending denial of leave to file an amended complaint based on futility. Obj. at PageID.776–777. The R&R recommended that leave be denied because Mannon's proposed spoliation claim would be futile because there is no independent cause of action for spoliation of evidence. R. & R. at PageID.769. Mannon argues that he "did not seek to plead spoliation as an independent tort," rather, he sought to plead "bad-faith withholding, improper destruction affecting FOIA adequacy, and injunctive and equitable relief within FOIA jurisdiction." Obj. at PageID.776–777.

Again, Mannon cannot rewrite his proposed amended complaint via an objection. His proposed amended complaint is titled, "ADDITIONAL CLAIMS FOR SPOLIATION OF EVIDENCE." Mot. at PageID.590. He cannot now argue that his proposed new claim is not for spoliation. Objection five is overruled.

### III. CONCLUSION

The Court adopts the R&R (Dkt. 30), overrules Mannon's objections (Dkt. 31), grants the VA's motion to dismiss (Dkt. 14), and denies Mannon's motion to amend (Dkt. 22). The case is now closed.

**SO ORDERED.**

Dated: January 12, 2026                               s/Mark A. Goldsmith  
Detroit, Michigan                                      MARK A. GOLDSMITH  
                                                                     United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2026.

                                          s/Joseph Heacox
                                          JOSEPH HEACOX
                                          Case Manager